UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS RUUD,

    Plaintiff,                                                  Hon. Janet T. Neff

v.                                                                      Case No. 1:10 CV 648

CORRECTIONAL MEDICAL
SERVICES, INC., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion to Dismiss</u>. (Dkt. #13). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted in part and denied in part**.

## BACKGROUND

Plaintiff initiated this action on June 4, 2010, against Maureen Onuigbo, George Pramstaller, Unknown Skoog, the Michigan Department of Corrections (MDOC), and Correctional Medical Services (CMS). Plaintiff's factual allegations are, in their entirety, as follows:

> Medical treatment from Dr. Onuigbo was non-existent concerning back problems as well as with problems with my right leg. Her deliberate indifference to my problems caused me to needlessly suffer in pain for months. Concerning my leg, she never addressed that issue which has subsequently been diagnosed as "Claudication" or PAD. Several grievances were filed and the Michigan Department of Corrections assisted the CMS Health Services at two individual prisons to allow these problems to go untreated. Further, there were costs deducted from my prisoner account for treatment never received and at a "pretence/Sham"

of a Hearing by Resident Unit Manager (RUM) Ms. Skoog these 6
charges were upheld.

(Dkt. #1).

Plaintiff's claims against Defendants Pramstaller, Skoog, and MDOC have since been dismissed. (Dkt. #8). Defendants Onuigbo and CMS now move to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). As discussed below, the undersigned recommends that Plaintiff's claims against CMS be dismissed, but that his claims against Defendant Onuigbo go forward.

## **STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See Bower v. Federal Exp. Corp.*, 96 F.3d 200, 203 (6th Cir. 1996).

To prevail on a Rule 12(b)(6) motion, Defendant must demonstrate that it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. As the Supreme Court recently stated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a motion to dismiss will be denied only where the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 545. As the Court subsequently explained:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more

> than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, ____ U.S. ____, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008).

## ANALYSIS

**I.      Signature**

Defendants assert that "Plaintiff's complaint should be dismissed because Plaintiff failed to sign the complaint." The Court is puzzled by this argument. At the bottom of the fourth page of the complaint (identified at the bottom of the page as page 3), Plaintiff's signature is clearly present immediately above the words "Signature of Plaintiff." (Dkt. #1 at 4 of 6). Defendants' argument is, therefore, rejected.

**II.     Defendant Onuigbo**

Defendant Onuigbo next asserts that she is entitled to relief because Plaintiff's complaint "does not state a claim upon which relief can be granted." Specially, Defendant asserts that "Plaintiff's

brief Complaint doesn't include any factual allegations that address the elements needed to prevail on an action for deliberate indifference." The Court disagrees.

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001). A serious medical need has been defined as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008).

The analysis by which Defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. In this respect, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. If the objective test is met, the Court must then determine whether the officials possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, Plaintiff must establish that Defendant "actually knew" that he "faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it." *Howard v. Calhoun County*, 148 F.Supp.2d 883, 888-89 (W.D. Mich. 2001) (citing *Farmer*, 511 U.S. at 847).

To the extent, however, that Plaintiff merely disagrees with the treatment he received, or asserts that he received negligent care, Defendant is entitled to summary judgment. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment); *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995) (if prison officials responded reasonably to a substantial risk to an inmate's health or safety, they may avoid liability – even if the harm ultimately was not averted).

Plaintiff alleges that Defendant Onuigbo deliberately failed to treat his back and leg impairments. While the allegations in Plaintiff's complaint are noticeably brief, such clearly state a claim upon which relief may be granted. Accordingly, the undersigned recommends that Defendant Onuigbo's motion to dismiss for failure to state a claim be denied.

### III.     Defendant CMS

In his complaint, Plaintiff makes no allegations against CMS. Thus, it appears that Plaintiff is attempting to impose liability on CMS based on nothing more than the fact that CMS employed Defendant Onuigbo and/or other of his care providers.

CMS is not vicariously liable for the actions of its employees and, therefore, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)); *Street v. Corr. Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996); *Starcher v. Correctional Medical Systems, Inc.*, 7 Fed. Appx. 459, 465 (6th Cir., Mar. 26, 2001). To establish liability against CMS, Plaintiff must demonstrate that he suffered a violation of his federal rights "because of" a CMS policy, practice, or custom. *See Thomas*, 398 F.3d at 429.

To establish the existence of a policy, practice, or custom based on an allegation that CMS failed to act, as is the case here, Plaintiff must demonstrate the following: (1) the existence of a "clear and persistent pattern" of illegal activity; (2) that CMS had notice or constructive notice of such; (3) that CMS tacitly approved of the illegal activity, such that "their deliberate indifference in their failure to act can be said to amount to an official policy of inaction" and (4) that the policy, practice, or custom in question was the "moving force" or "direct causal link" in the constitutional deprivation. *Id.* at 429 (quoting *Doe v. Claiborne County*, 103 F.3d 495, 508 (6th Cir. 1996)).

Plaintiff does not allege in his complaint that his constitutional rights were violated by any policy, custom, training, or practice. Likewise, he has not alleged any facts from which such can reasonably be inferred. Thus, Plaintiff has failed to state a claim against CMS. Accordingly, the undersigned recommends that Defendant CMS' motion to dismiss be granted.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss, (dkt. #13), be **granted in part and denied in part**. Specifically, the undersigned

recommends that Plaintiff's claims against Defendant Correctional Medical Services (CMS) be dismissed, but that Plaintiff's claims against Defendant Onuigbo be permitted to go forward.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: January 14, 2011  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge