UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS E. RUUD, #214472

    Plaintiff,

v

CORRECTIONAL MEDICAL
SERVICES, INC., et al.,

    Defendants.
_____/

Case No. 1:10-cv-648

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's claims against Defendants Pramstaller, Skoog and Michigan Department of Corrections (MDOC) were dismissed on July 22, 2010 (Dkt 9). Defendants Onuigbo and Correctional Medical Services, Inc. (CMS) filed a Motion to Dismiss on August 20, 2010, arguing that Plaintiff failed to state a claim upon which relief can be granted. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court grant Defendants' motion as to Defendant CMS and deny it as to Defendant Onuigbo (R & R, Dkt 20). The matter is presently before the Court on Defendant Onuigbo's Objections to the Report and Recommendation (Def. Obj., Dkt 22). In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the Objections and issues this Opinion and Order.

Defendant Onuigbo asserts that the Magistrate Judge erred in finding that Plaintiff had alleged facts sufficient to satisfy the subjective element of an Eighth Amendment claim (Dkt 22 at

3). Defendant asserts that "Plaintiff['s] allegation that Dr. Onuigbo's 'deliberate indifference to my problems caused me to needlessly suffer in pain for months' is nothing more than a conclusory statement and doesn't address Dr. Onuigbo's required culpable state of mind," (Dkt 22 at 5) (quoting Dkt 1 at 4). Defendant asserts that "Plaintiff doesn't allege any facts that demonstrate Dr. Onuigbo's knowledge of his serious medical need and then consciously disregarded that need" (Dkt 22 at 5). Defendant Onuigbo concludes that Plaintiff's "conclusory allegations do not give Dr. Onuigbo fair notice, and are not sufficient to state a claim" (Dkt 22 at 6-7).

Plaintiff's argument is without merit. As the Magistrate Judge properly noted, when considering a Rule 12(b)(6) motion, the Court must view the pleadings in the light most favorable to the nonmoving party (Dkt 20 at 2) (citing *Bower v. Fed. Exp. Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). Further, in pro se cases such as this one, the Court is required to construe the pleadings liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 529 (1972)). The Sixth Circuit Court of Appeals has held that "[t]he appropriate liberal construction requires active interpretation in some cases." *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). *See Boswell v. Mayer*, 169 F.3d 384, 387-88 (6th Cir. 1999) (analyzing a pro se plaintiff's complaint based on a "sympathetic reading" of the plaintiff's filings).

Such a reading of Plaintiff's allegations in this case supports the Magistrate Judge's finding that Plaintiff states a claim upon which relief may be granted. Plaintiff alleged that (1) Defendant Onuigbo was deliberately indifferent to Plaintiff's back and leg problems, which caused him to "needlessly suffer in pain for months"; (2) "treatment from Dr. Onuigbo was non-existent concerning" those problems, and (3) "[c]oncerning [Plaintiff's] leg, [Defendant Onuigbo] never addressed that issue which has subsequently been diagnosed as 'Claudication' or PAD" (Dkt 1 at

4). When liberally construed, these pleadings state a claim that Defendant Onuigbo knew that Plaintiff was experiencing problems with both his back and right leg, that she deliberately failed to treat those problems, and that he suffered needless pain as a result. This is sufficient to provide Defendant Onuigbo with fair notice as to the claim asserted. Defendant's objection is denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 210-11 (2007)).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 22) are DENIED and the Report and Recommendation (Dkt 20) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (Dkt 13) is GRANTED IN PART and DENIED IN PART; the motion is **granted** as to Plaintiff's claims against Defendant Correctional Medical Services (CMS) and **denied** as to Plaintiff's claims against Defendant Onuigbo.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.


Dated: March 30, 2011                                   /s/ Janet T. Neff
                                                        JANET T. NEFF
                                                        United States District Judge