UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS RUUD,

    Plaintiff,                                  Hon. Janet T. Neff

v.                                              Case No. 1:10 CV 648

CORRECTIONAL MEDICAL
SERVICES, INC., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant Onuigbo's Motion for Summary Judgment</u>. (Dkt. #24). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this action terminated.

## BACKGROUND

Plaintiff initiated this action on June 4, 2010, against Maureen Onuigbo, George Pramstaller, Unknown Skoog, the Michigan Department of Corrections (MDOC), and Correctional Medical Services (CMS). Plaintiff's factual allegations are, in their entirety, as follows:

> Medical treatment from Dr. Onuigbo was non-existent concerning back problems as well as with problems with my right leg. Her deliberate indifference to my problems caused me to needlessly suffer in pain for months. Concerning my leg, she never addressed that issue which has subsequently been diagnosed as "Claudication" or PAD. Several grievances were filed and the Michigan Department of Corrections assisted the CMS Health Services at two individual prisons to allow these problems to go untreated. Further, there were costs deducted from my prisoner account for treatment never received and at a "pretence/Sham"

of a Hearing by Resident Unit Manager (RUM) Ms. Skoog these 6 charges were upheld.

(Dkt. #1).

Plaintiff's claims against Defendants Pramstaller, Skoog, MDOC, and Correctional Medical Services have since been dismissed. (Dkt. #8, 27). Defendant Onuigbo now moves for summary judgment. Plaintiff has failed to respond to Defendant's motion.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary

judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United*

*States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle*, 429 U.S. at 101-02. Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. In this respect, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834.

When evaluating the objective prong of this analysis, the Court must first determine whether the alleged injury or medical need is "obvious," i.e., "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004); *see also, Cain v. Irvin*, 286 Fed. Appx. 920, 927 (6th Cir., July 17, 2008). If, on the other hand, the injury or medical need is not obvious, the plaintiff must submit "medical evidence" demonstrating that the delay or denial of treatment "resulted in additional injury." *Blackmore*, 390 F.3d at 897.

If the objective test is met, the Court must then determine whether the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, Plaintiff must establish that the defendant "actually knew" that he "faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it." *Howard v. Calhoun County*, 148 F.Supp.2d 883, 888-89 (W.D. Mich. 2001) (citing *Farmer*, 511 U.S. at 847).

In support of her motion for summary judgment, Defendant Onuigbo has submitted copies of Plaintiff's medical records. (Dkt. #25, Exhibit A). These records reveal that on August 27, 2008, Dr. Onuigbo reviewed and modified Plaintiff's medication regimen. (Dkt. #25, Exhibit A at 285).

On September 8, 2008, Plaintiff was examined by a member of the nursing staff. *Id.* at 276. Plaintiff reported that he was experiencing "back discomfort with mobility." *Id.* Plaintiff reported

that he "has had back pain since 2002 [when] he had a minor motorcycle accident." *Id.* at 265. An examination revealed spasms and radiation of pain into Plaintiff's lower extremities. *Id.* at 276. The nurse spoke with "security staff" to ensure "compliance to activity restrictions." *Id.* Dr. Onuigbo modified Plaintiff's medication regimen. *Id.* at 274. Plaintiff concurred with his treatment plan. *Id.* at 271. Two days later, Plaintiff, complaining of back pain, submitted a request for health care services. *Id.* at 268. On September 18, 2008, Defendant Onuigbo again modified Plaintiff's medication regimen. *Id.* at 267.

On September 19, 2008, Plaintiff was examined by Dr. Onuigbo. *Id.* at 262. Plaintiff reported that he was experiencing left shoulder pain which did not radiate into his upper extremities. The doctor observed "som[e] tenderness" upon palpation of Plaintiff's left shoulder, but Plaintiff exhibited full range of motion in both shoulders and full strength in both upper extremities. Dr. Onuigbo prescribed physical therapy and also ordered that an x-ray be taken of Plaintiff's left shoulder. *Id.* On three occasions between October 6, 2008, and October 13, 2008, Dr. Onuigbo reviewed and modified Plaintiff's medication regimen. *Id.* at 251, 257, 258.

On November 10, 2008, Plaintiff was examined by a member of the nursing staff regarding his complaints of back pain. *Id.* at 232. Plaintiff reported that for the past two and one-half months his back pain rated as 6/10. Plaintiff requested that he be treated with a TENS unit. *Id.* Defendant Onuigbo again reviewed and modified Plaintiff's medication regimen. *Id.* at 229.

On November 17, 2008, Plaintiff was examined by Defendant Onuigbo. *Id.* at 230-31. Plaintiff reported that he stopped taking some of his medication because it "provided no relief." *Id.* at 230. Plaintiff reported that his "back pain feels [the] same," but denied experiencing weakness or impairment with his ability to perform activities of daily living. The results of an examination were

unremarkable with no evidence of sensory or motor deficit or gait abnormality. Dr. Onuigbo modified Plaintiff's medication regimen and prescribed a TENS unit. *Id.* The doctor also ordered that Plaintiff be provided a bottom bunk accommodation and be given a cane. *Id.* at 228.

On December 3, 2008, Defendant Onuigbo reported that Plaintiff was "refusing" his medication and was "also refusing" to participate in prescribed laboratory testing. *Id.* at 222. On January 5, 2009, Dr. Onuigbo reviewed and modified Plaintiff's medication regimen. *Id.* at 209.

On January 6, 2009, Plaintiff was examined by Dr. Onuigbo. *Id.* at 204. The doctor instructed Plaintiff that she wanted to obtain "an in[-]depth [history] regarding his pain to present to the PMC for recommendation for the management of his pain." Plaintiff, however, was "uncooperative" and "refuse[d] to answer question[s] about the [history] of his pain." Defendant Onuigbo made "multiple efforts to obtain a [history] from [Plaintiff] unsuccessfully." *Id.* The record contains no evidence that Defendant Onuigbo treated Plaintiff after this date.[1]

As discussed above, the evidence of record reveals that Plaintiff was experiencing back pain that his care providers determined required medical treatment, thus satisfying the objective prong of the analysis. However, as the evidence discussed above also reveals, Defendant Onuigbo reasonably treated Plaintiff's condition. Plaintiff has failed to submit any evidence in response to the present motion. While Plaintiff's complaint is properly verified, the vague and conclusory assertions therein (quoted in full above) are insufficient to defeat Defendant Onuigbo's properly supported motion for summary judgment.

---

[1] In her brief, Defendant Onuigbo states that she treated Plaintiff through January 6, *2011*. (Dkt. #25 at 10). this is likely a typographical error, as Plaintiff was released from prison on June 2, *2010*. *See* Thomas Edward Ruud, available at http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=214472 (last visited on May 20, 2011). Plaintiff has submitted no evidence that he was treated by Defendant Onuigbo after January 6, 2009.

Plaintiff's vague assertion that "medical treatment from Dr. Onuigbo was non-existent" is demonstrably false in light of the evidence submitted by Defendant Onuigbo. As for Plaintiff's allegation that Defendant Onuigbo failed to diagnose that he suffered from claudication, the Court notes that to the extent Plaintiff claims that he disagrees with the treatment he received, or asserts that he received negligent care, Defendant is entitled to summary judgment. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment); *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (to prevail on an Eighth Amendment denial of medical treatment claim, "the inmate must show more than negligence or the misdiagnosis of an ailment"); *Robbins v. Black*, 351 Fed. Appx. 58, 62 (6th Cir., Nov. 3, 2009) ("mere negligence or malpractice is insufficient to establish an Eighth Amendment violation").

In sum, Defendant Onuigbo has submitted evidence, unrefuted by Plaintiff, demonstrating the absence of a genuine factual dispute on the question whether she violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Specifically, the evidence submitted by Dr. Onuigbo reveals that she reasonably treated Plaintiff's impairments. It appears that Plaintiff is simply unhappy with the treatment he received during his brief incarceration. As noted above, however, such does not implicate the Eighth Amendment.

# **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendant Onuigbo's Motion for Summary Judgment</u>, (dkt. #24), be **granted** and this action terminated. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: May 26, 2011                                        /s/ Ellen S. Carmody
                                                                               ELLEN S. CARMODY
                                                                               United States Magistrate Judge